MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PACTIV CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MULTISORB TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No.: 10-cv-00461<br>Hon. Harry D. Leinenweber<br><br>**[PROPOSED] SCHEDULING AND DISCOVERY ORDER** |

**WHEREAS,** Plaintiff Pactiv Corporation ("Pactiv") and Defendant Multisorb Technologies, Inc. appeared before this Court on July 8, 2010 for a status hearing; and the Court having decided to enter the schedule proposed by Pactiv in the Report of the Parties' Planning Meeting (Docket Entry 35); and for good cause shown,

**IT IS** on this _____ day of July, 2010,

**ORDERED THAT:**

1. <u>Initial Disclosures.</u> On or before August 6, 2010, Pactiv and Multisorb will exchange their initial disclosures pursuant to Rule 26(a)(1).

2. <u>Disclosures and Discovery Pursuant to Local Patent Rules.</u> The requirements of the Local Patent Rules apply to this action, except as they may be modified by Order of the Court.

1

3. <u>Schedule.</u>

| | | | | |
|---|---|---|---|---|
| 1. | Initial Scheduling Conference | June 11, 2010 and June 15, 2010 | | Rule 26(f); LPR 1.2 |
| 2. | Exchange of Initial Disclosures | August 6, 2010 | 14 days after Pactiv's Reply to Multisorb's Counterclaims | LPR 2.1(a) & (b) |
| 3. | Fact Discovery Opens | August 6, 2010 | 14 days after Pactiv's Reply to Multisorb's Counterclaims | LPR 1.3 |
| 4. | Initial Infringement Contentions | August 20, 2010 | 14 days after Initial Discl. (2) | LPR 2.2 |
| 5. | Initial Non-Infringement/Invalidity Contentions | September 3, 2010 | 14 days after Init. Inf. Cont. (4) | LPR 2.3 LPR 2.4 |
| 6. | Initial Response to Invalidity Contentions | September 17, 2010 | 14 days after Inf/Inv Cont.(5) | LPR 2.5 |
| 7. | Final Infringement Contentions and Final Unenforceability / Invalidity Contentions | January 14, 2011 | 21 weeks after Init. Inf. Cont. (4) | LPR 3.1 LPR 3.3 |
| 8. | Final Non-infringement Contentions and Response to Final Unenforceability / Invalidity Contentions | February 11, 2011 | 28 days after Final Inf/Unenf/Inv Contentions (7) | LPR 3.2 |
| 9. | Exchange Lists of Proposed Claim Terms | February 25, 2011 | 14 days after Final Contentions (8) | LPR 4.1 |
| 10. | Meet and Confer re Claim Construction and ID of TEN terms requiring construction | March 4, 2011 | 7 days after exchange of terms (9) | LPR 4.1 |
| 11. | Fact Discovery Closes | March 25, 2011 | 28 days after exchange of terms (9) | LPR 1.3 |
| 12. | Defendants Opening Claim Construction Brief + Joint Appendix | April 1, 2011 | 35 days after exchange of terms (9) | LPR 4.2 |
| 13. | Plaintiff's Response CC Brief | April 29, 2011 | 28 days after Opening Brief (12) | LPR 4.2 |
| 14. | Defendant's Reply CC Brief | May 13, 2011 | 14 days after Response CC Brief (13) | LPR 4.2 |
| 15. | File Joint CC Chart and Joint | May 20, 2011 | 7 days after Reply CC | LPR 4.2 |

2

|     |                                                      |           |                                                                                                       |                      |
| --- | ---------------------------------------------------- | --------- | ----------------------------------------------------------------------------------------------------- | -------------------- |
|     | Status Report                                        |           | Brief (14)                                                                                            |                      |
| 16. | Exchange demonstrative exhibits                      |           | 3 days prior to CC Hrg                                                                                | LPR 4.3              |
| 17. | Claim Construction Hearing                           | June 2011 | 28 days after Reply Brief (14)                                                                        | LPR 4.3              |
| 18. | Claim Construction Ruling                            | TBD       |                                                                                                       |                      |
| 19. | Fact Discovery Re-Opens (at time of CC Ruling)       |           | same day as CC Ruling (18)                                                                            | LPR 1.3              |
| 20. | Damages Fact Discovery Opens                         | TBD       | same day as CC Ruling (18)                                                                            | (Modified)           |
| 21. | Discovery Concerning Opinions of Counsel             |           | 35 days before close of discovery (22)                                                                | LPR 3.6              |
| 22. | Fact Discovery Re-Closes                             | TBD       | 102 days (60 days added to the LPR for post CC discovery, including damages) after CC Ruling (18)     | LPR 1.3 (Modified)   |
| 23. | Initial Expert Witness Disclosures                   |           | 21 days after close of re-opened discovery (21)                                                       | LPR 5.1(b)           |
| 24. | Rebuttal Expert Witness Disclosures                  |           | 35 days after Initial Expert Disclosures (22)                                                         | LPR 5.1(c)           |
| 25. | Expert Depositions                                   |           | 35 days after Rebuttal Disclosures (23)                                                               | LPR 5.2              |
| 26. | Summary Judgment Motions                             |           | 28 days after end of expert discovery (24)                                                            | LPR 6.1              |
| 27. | CASE READY FOR TRIAL                                 | TBD       |                                                                                                       |                      |

4. <u>Additional Discovery Plan.</u>

    a. The scope of permissible discovery shall be as follows, subject to Section 5(d) herein (bifurcation and stay): 1) Pactiv's claims of patent infringement and breach of contract; 2) defendant's defenses thereto; and 3) defendant's counterclaims.

    b. The maximum number of interrogatories each party may serve on another party and the dates by which answers are due will be governed by the Federal Rules of Civil Procedure, including but not limited to Rule 33.

    c. The maximum number of document requests a party may serve on another party shall be fifty (50).

d. The maximum number of factual party depositions (including former employees) by each party will be as follows: Pactiv (16) and Multisorb (16). These limits may be modified, and that consent to such modification shall not be unreasonably withheld, subject to approval by the Court. Rule 30 shall govern the time limit of the depositions. There will be no limit on the number of third party depositions.

e. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity, noninfringement, or unenforceability, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

f. The documents will be produced in the following formats:

Document productions by each Party shall be in Single-Page TIF format, bates stamped with corresponding Concordance/Opticon or Relativity load files with OCR, except that video files and excel spreadsheets will be produced in native format, so long as a proper identifier is given to them at the time of production so that they may be easily referenced by the parties. The load files will include "beginning document" and "ending document" bates ranges to account for the breaks between documents. Metadata need not be produced.

g. E-Discovery. The Principles set forth in the Seventh Circuit Electronic Discovery Pilot Program (available at www.ilcd.uscourts.gov/statement%20-%20Phase%20One.pdf) will serve as supplemental procedural guidelines.

5. <u>Other Dates</u>:

   a. The dates by which parties must supplement disclosures and responses will be governed by the Federal Rules of Civil Procedure, including but not limited to Rule 26(e).

   b. The final date to amend pleadings or join parties is January 11, 2011.

   c. The determination of whether the video "An Introduction to the Patent System" should be shown to jurors at trial, setting of a date for holding a pre-trial conference, submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, exhibit lists, and filing objections under Rule 26(a)(3) will be decided once a trial date has been set.

   d. It has been agreed to bifurcate and stay for discovery purposes only, pending the Court's decision on claim construction: 1) all patent misuse counterclaims; and 2) damages issues.[1] A status conference will be held immediately following the Court's decision on claim construction.

---

[1] This agreement will not preclude discovery directed to secondary considerations to the extent applicable.

6. <u>Other Items</u>:

   a. Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

   b. Drafts of expert reports will not be retained or produced.

   c. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

7/22/2010

By: _____
The Honorable Harry D. Leinenweber, U.S.D.J.