```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

PACTIV CORP.,

                   Plaintiff,        Case No. 10 C 461

    v.

                                  Hon. Harry D. Leinenweber

MULTISORB TECHNOLOGIES, INC.,

                   Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant Multisorb Technologies, Inc. (hereinafter, "Multisorb") has filed a Motion to Consolidate the instant case with Case No. 10 C 7609, currently pending before U.S. District Judge Robert M. Dow, Jr., and to reassign that case to this Court. For the following reasons, the Motion is granted.

### I. BACKGROUND

Plaintiff Pactiv Corp. (hereinafter, "Pactiv") filed the instant suit (hereinafter, "Case 1") against Multisorb on January 22, 2010. The suit accuses Multisorb of infringing its patent on a packaging system that extends the shelf life of meat by reducing its exposure to oxygen. Subsequently, on November 18, 2010, this Court granted Multisorb's Motion to Stay all claims relating the Pactiv patents-in-suit pending reexamination of these patents by the U.S. Patent and Trademark Office (the "PTO"). A breach of contract claim by Pactiv and Counterclaims by Multisorb

alleging breach of contract and infringement of its patents remain pending before the Court.

On November 29, 2010, Pactiv filed Case No. 10 C 7609 (hereinafter, "Case 2"), alleging that Multisorb's product infringes two different Pactiv patents not included in the instant lawsuit. Multisorb seeks to consolidate the cases pursuant to FED. R. CIV. P. 42 and to reassign the more recently filed case to this Court pursuant to Local Rule 40.4.

## II. **ANALYSIS**

### A. Motion to Consolidate

Under FED. R. CIV. P. 42(a), actions may be consolidated if they involve common questions of law and fact. Whether to consolidate cases is a decision within the sound discretion of the trial court. *Magnavox Co. v. APF Elec., Inc.*, 496 F.Supp. 29, 32 (N.D. Ill. 1980). Consolidation is meant to promote judicial efficiency, but should not be allowed if prejudice to any of the parties outweighs that consideration. *McKnight v. Illinois Cent. R. Co.*, No. 09-201, 2009 WL 1657581 at *1 (S.D. Ill. 2009). Additionally, consolidation may be ordered where there is a risk of inconsistent rulings. *Tipsword v. IFDA Services, Inc.*, Nos. 09-390, 09-1008, 2010 WL 1521612, at *1 (S.D. Ill., April 10, 2010).

Pactiv's patented system places containers of meat in a bag, adds a scavenger packet to absorb any oxygen that remains in the bag or leaks in over time, flushes the oxygen out of this bag with other gases, and then seals the bag. The allegedly infringing

product at issue in both suits is the Maplox Program, and in particular the FreshPax CR oxygen absorber. This product creates similar low-oxygen packaging.

Multisorb alleges that two cases at issue here involve common questions of law and fact because both cases involve the same parties, attorneys, and Multisorb product. Multisorb contends that the same issues are involved in both cases because one of the central issues in Case 1 is whether an activator or accelerator is added to Multisorb's FreshPax CR, an issue that also will arise in Case 2. Multisorb argues that no accelerator is added to its product, but that the Pactiv patents require adding an accelerator to the oxygen absorber packet. Because the meaning of acceleration/activation must be decided in both cases, the suits should be consolidated, Multisorb contends.

Pactiv argues, without providing supporting case law, that the stayed claims in Case 1 should not be considered for the purposes of deciding the Motion to Consolidate. It contends the relevant comparison is between Multisorb's pending Counterclaims in Case 1 and Pactiv's Claims in Case 2. In the "live" Claims in Case 1, Multisorb alleges that Pactiv's Oxygen Absorber Product infringes on its '872 and '590 patents. In Case 2, the issue is whether Multisorb's FreshPax CR infringes on Pactiv's '921 and '195 patents. Those patents, Pactiv contends, have different priority dates, owners, and inventors.

Pactiv also contends that the two cases are not similar enough to warrant consolidation because the patents at issue in Case 2 involve the composition of its oxygen scavenger. On November 18, 2010, this Court granted Multisorb's Motion for a Protective Order in Case 1 covering the composition of the FreshPax CR oxygen scavenger. The Court found that disclosure of the composition was not necessary for Pactiv to prove that Multisorb's packaging system functions in the same way as Pactiv's.

Both sides accuse the other of gamesmanship. Multisorb contends that Pactiv is trying to get around this Court's stay and its protective order covering the disclosure of the composition of its FreshPax CR product. Pactiv contends that Multisorb is trying to confuse the Court into believing that all the Pactiv patents are related, and that both cases should be stayed pending reexamination. Multisorb also accuses Pactiv of violating a confidentiality agreement and Fed. R. Evid. 408. In its Memorandum in Opposition to Consolidation, Pactiv alleges that about a year ago, Multisorb was given a binder of Pactiv's entire portfolio of patents in the field of oxygen absorber technology and warned that Pactiv might assert those patents if the instant litigation could not be resolved. Multisorb officials and attorneys contend the binder was delivered as part of confidential settlement negotiations, and that no discussion was had as to the possibility of Pactiv asserting other patents. Pactiv, for its part, contends the publicly available patents were excluded from the

confidentiality agreement and that regardless, it did not violate F ED. R. E VID. 408 because mention of the binder was not made to prove Multisorb's liability but for the alternative purpose of showing that Multisorb was on notice that Pactiv might file suit over its other patents.

This squabbling, however, has little to do with the heart of the issue: whether common questions of law and fact make consolidation appropriate in the instant case and whether Pactiv would be prejudiced by consolidation. Here, Multisorb has the better of the argument. The patents in Case 1 relate to Pactiv's meat packaging system, while the patents in Case 2 show how the company's oxygen scavenger is activated. The patents in the two cases illustrate that the technology is interrelated.

For example, at least three of the packaging patents in Case 1 incorporate by reference Application Ser. No. 08/700,644, filed in 1996 and since abandoned, for information concerning the oxygen scavenger. *See* '142 Patent, Col. 5, Lines 7-12; '457 Patent, Col. 4, Line 66 to Col. 5, Line 5; '790 Patent, Col. 5, Lines 4-9. This abandoned application is a parent application for both of the Case 2 patents. Similarly, the patents in Case 2 refer to the Case 1 patents for examples of modified atmosphere packaging. *See* '195 Patent, Col. 2, Lines 24-28.

Tellingly, although different patents are at issue, the relevant language of the complaints is nearly identical. Both allege "the Maplox Program includes the use of an oxygen scavenger

referred to by Multisorb as FreshPax CR." Both allege the Maplox Program infringes on one or more Pactiv patents and that the FreshPax CR oxygen scavenger is a material component of the Maplox program with no non-infringing use. *Compare*, First Amend. Compl. in Case 1, ¶¶ 29-31, *with* Compl. in Case 2, ¶¶ 18-20. This means that the discovery and the damage analysis will be similar in both cases. Further, there is significant overlap in Multisorb's defenses to the two actions. *See 3M Co. v. Moldex-Metric, Inc.*, No. 06-4044, 2006 WL 3759758, at *2 (D. Minn. Dec. 21, 2006) (finding that same defenses and common damage analysis justified consolidation). Finally, because both suits allege infringement by the same Multisorb product "related issues will arise about the workings of [defendant's] produc[t] in both cases." *SanDisk Corp. v. Phison Elec. Corp.*, 538 F.Supp.2d 1060, 1068 (W.D. Wis. 2008); see also *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 06-514, 2007 WL 2892707, at *4 (D. Del. Sept. 30, 2007) (consolidating suits involving technology incorporated within the same device).

There also is a risk of inconsistent rulings if the cases are not consolidated because discovery in the two cases likely will overlap. As discussed above, this Court has granted a Protective Order in Case 1 covering the composition of Multisorb's FreshPax oxygen scavenger. Pactiv is now seeking the same information in Case 2, arguing that the patents in that case are specific to the composition of the oxygen scavenger and that it cannot litigate the case without this information. If that is so, Pactiv can ask this

Court to modify the Protective Order. *See Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979) (holding that it is within the district court's discretion to modify protective orders when "good cause" is shown).

Nor does the fact that the infringement claims against Multisorb in the first case are stayed preclude consolidation. *In SanDisk*, the plaintiff filed two patent infringement suits involving seven patents related to flash memory technology. *SanDisk*, 538 F.Supp.2d at 1063. The suits involved many of the same defendants. *Id.* One case, involving five patents, was stayed because the patents were the subject of a proceeding before the International Trade Commission. *Id.* Various defendants then sought to consolidate both cases. *Id.* Finding the cases involved infringement of the same products and that related issues would arise about the workings of defendants' products in both cases, the court granted the motion. *Id.* at 1068. The *SanDisk* court found consolidation was necessary in the interests of judicial economy and preventing unnecessary duplication of effort. *Id.* (citing *EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994)). The same is true here because it would be a waste of judicial resources to have two judges presiding over two cases involving the same parties, attorneys, and allegedly infringing product.

Pactiv's prejudice argument is two-pronged: (1) Case 1 has been pending for more than a year, and it would be improper to

delay resolution of it because of Case 2; and (2) Multisorb may seek to stay Pactiv's patent claims in the Case 2 pending the reexamination of the patents asserted in Case 1, which would prevent Pactiv from asserting any patents against Multisorb until the reexamination is completed.

As to the first issue, discovery is still open in Case 1 and it has not progressed to the point where consolidation would delay the proceedings. As to the second, Multisorb could bring a motion to stay regardless of whether the cases are consolidated, and the Court will consider the merits of such a motion if and when it is filed.

**B. Motion to Reassign Case 2 to this Court**

Local Rule 40.4 spells out the criteria for determining if two or more cases are related, and if so, whether the more recently filed case should be reassigned to the judge hearing the lower-numbered case.

Under Local Rule 40.4(a), two civil cases are related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

As discussed in relation to Multisorb's Motion to Consolidate, the cases at issue here involve the same allegedly infringing Multisorb product. They also involve common issues of fact or law

in that both involve the functioning of that product. And they both involve the same transaction or occurrence, in that in both suits Pactiv accuses Multisorb of making, using, and offering for sale its Maplox Program even though it uses the systems and methods described in the Pactiv patents.

Under Local Rule 40.4(b), a case may be reassigned to the calendar of another judge if it is related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in the same court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

Here, the cases are related, and both are pending before the same court. The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort. Because of the complex nature of patent cases, "[w]hen the same technology is simultaneously asserted in multiple cases for similar alleged acts of infringement, it makes little sense to require two judges to invest the time and effort necessary to understand the technical and factual issues common to both cases." *21 SRL v. Enable Holdings, Inc.*, 09-3667, 2009 WL 4884177, at * 2 (N.D. Ill. Dec. 9, 2009). Further, as discussed above, the parties are having

the same discovery disputes in both cases, raising the possibility of inconsistent rulings. The third factor also is met because Case 1 has not yet progressed to the point where adding Case 2 will delay the proceedings substantially.

As to the fourth factor, Pactiv alleges that the two cases are not susceptible to disposition in a single proceeding because Multisorb's Counterclaim in Case 1 raises issues of breach of contract, false marking, and unfair competition. As support for its argument that reassignment should be denied where different claims are at issue, Pactiv points to *Machinery Movers Local 136 v. Joseph/Anthony, Inc.*, No. 03 C 8707, 2004 WL 1631646, at *4 (N.D. Ill. July 16, 2004). There, the court was hearing an ERISA case brought by a group of employee benefit funds against various employers. *Id.* at *1. It declined to reassign a RICO suit brought by a different group of benefit funds against one common defendant. *Id.* at *3. The court reasoned that the cases were brought under different legal theories and would require determinations that were not relevant to the ERISA case. *Id.* at *3. As such, the court found that although there was some legal and factual overlap between the actions, "issues that are unique to each case predominate." *Id.* at *4.

The same is not true in the instant case, however. Courts have held that the fourth factor is satisfied when issues of both law and fact are the same in both cases. *Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, No. 02 C 5893, 2003 WL 21011757,

at * 3 (N.D. Ill. May 5, 2003). However, the rule does not require that the cases be completely identical to permit reassignment. Rather, the issue is whether both actions "involve fundamentally similar claims and defenses that will likely be amendable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or trial." *Global Patent Holdings, LCC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *4 (N.D. Ill. April 23, 2008). Here, of course, the issue is complicated by the fact that Pactiv's claims in Case 1 have been stayed pending reexamination. However, that does not change the fact that Pactiv's claims in both cases are fundamentally similar and involve the same allegedly infringing product. For these reasons, the Motion to Reassign Case 2 is granted.

### III. **CONCLUSION**

For the reasons stated herein, Defendant Multisorb Technologies's Motion for Consolidation and Reassignment is granted. The cases are consolidated for all purposes.

**IT IS SO ORDERED.**

  Harry D. Leinenweber, Judge
  United States District Court

**DATE:** 2/15/2011