## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 461 | **DATE** | 11-2-2011 |
| **CASE TITLE** | Pactiv Corp. v. Multisorb Tech. Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons explained herein, Defendant/Counter-Claimant Multisorb Technologies Inc.'s Motion to Amend its Counterclaim [223] is granted, and Pactiv's Motion for Partial Judgment on the Pleadings and To Dismiss [219] is denied. The oral ruling date of Nov. 30, 2011, is stricken.

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

Before the Court is Defendant/Counter-Claimant Multisorb Technologies Inc.'s ("Multisorb") Motion to Amend its Counterclaim [223]. For the reasons explained herein, the motion is granted. As such, Pactiv's Motion for Partial Judgment on the Pleadings and To Dismiss [219], which had been held in abeyance pending ruling on this motion, is denied.

### I. BACKGROUND

Pactiv Corp. ("Pactiv") is suing Multisorb for infringing its patents on a packaging system that extends the shelf life of meat by reducing its exposure to oxygen. Although this Court has stayed claims relating to the Pactiv patents, Pactiv's breach of contract claim and certain counterclaims by Multisorb remain pending. Among them is Multisorb's Eleventh Counterclaim, in which it alleges that Pactiv's oxygen absorber product is marked with the '250 patent, but that patent does not cover the absorber.

Congress amended the false marking statute, 35 U.S.C. § 292, on Sept. 16, 2011, as part of the Leahy-Smith America Invents Act. The amendment eliminated *qui tam* actions, but allows those who have suffered a competitive injury as a result of false marking to sue for damages. Leahy-Smith America Invents Act, Pub. L. No. 112–29 § 16(b)(1),(2)(b), 125 Stat. 284, 329 (2011).

As it stands, Multisorb's false marking counterclaim does not allege competitive injury. Multisorb wishes to amend its counterclaim to make this allegation, while Pactiv contends that Multisorb should have been aware of the impending change in the law and amended this counterclaim sooner. Pactiv maintains that it will be prejudiced if an amendment is allowed at this stage of the case because the deadline to amend claims passed more than eight months ago, on Jan. 11, 2011, and because it already has taken the depositions of Multisorb's president and former president.

### II. LEGAL STANDARD

When the Court's deadline to amend pleadings has passed, a party moving to amend must show good cause. Fed. R. Civ. P. 16(b)(4). This good cause standard refers to the diligence of the party seeking leave to amend. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). If the

### STATEMENT

moving party can show good cause to amend, the Court then applies Fed R. Civ. P. 15's liberal standard for allowing amendments. *Shadeland Station Apartments I, LLC v. Realsource Brokerage Servs.*, No. 09 CV 629, 2011 WL 1769012, *1 (S.D. Ind. May 5, 2011). Specifically, Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given "when justice so requires."

The Seventh Circuit has held that "as a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). However, the Court may deny leave to amend when: (1) it would be futile; (2) there has been undue delay or bad faith by the moving party; (3) the moving party repeatedly has failed to cure deficiencies; and (4) the opposing party would be prejudiced. *Id.*

### III. ANALYSIS

Here, Multisorb moved to amend its Counterclaim on Oct. 6, 2011, shortly after the change in law. Further, it had previously informed Pactiv of its intent to do so via an email sent on Sept. 19, 2011. Further, Multisorb contends that because it brought a Counterclaim alleging a Lanham Act violation based on unfair competition, Pactiv had knowledge that its alleged false marking injured Multisorb.

Noting that patent reform legislation long has been in the works, Pactiv contends that Multisorb should have pleaded a competitive injury sooner. Pactiv further argues that it lacked notice of the allegation that its alleged false marking caused competitive injury to Multisorb. However, Multisorb's Lanham Act counterclaim at least touches upon this issue when it alleges that Pactiv has made false statements about its products that deceived potential Multisorb customers, causing Multisorb injury. Twelfth Counterclaim, ¶ 221.

Pactiv additionally argues that amendment of Multisorb's false marking counterclaim would be futile because the '250 patent includes method claims covering the use of an oxygen scavenger. However, Pactiv does little to develop this argument, which is primarily made in a footnote. Because it is not clear to the Court that an amendment would be futile, the Court will not deny the motion to amend on that basis. *See Walton v. U.S. Steel Corp.*, 10 C 188, 2011 WL 2447723, at *3 (N.D. Ind. June 15, 2011).

Further, although it might have been prudent for Multisorb to allege a competitive injury prior to the passage of the America Invents Act, it would ask to much of litigants to predict whether pending legislation will pass or what form it might take. Courts have routinely held that litigants are entitled to replead claims to conform to a change in the applicable law, provided that the underlying allegations of fact do not change. *McGuire v. Warren*, 207 Fed. App'x 34, 37 (2d Cir. 2006); *see also Boarhead Farm Agreement v. Advanced Environmental Technology Corp.*, 381 F. Supp. 2d 427, 431 (E.D. Pa. 2005) ("One of the circumstances under which courts have granted a motion for leave to amend a complaint is an intervening change in applicable law."). Here, Multisorb did not delay in seeking to amend its false marking counterclaim once the new law was passed.

The only remaining question, then, is whether allowing an amendment at this point in the case would unduly prejudice Pactiv. Given that the majority of the claims at issue have been stayed, the Court does not think an extension of discovery will unduly prejudice Pactiv. Pactiv has deposed Multisorb's former president and its current president, and argues that if the amendment is permitted, it will have to retake those depositions to focus on the competitive injury. The Court gives Pactiv leave to re-open those depositions to explore these issues. This should ameliorate any potential prejudice to Pactiv.

### IV. CONCLUSION

For the reasons, Multisorb's Motion to Amend its Counterclaim [223] is granted, and Pactiv's Motion for Partial Judgment on the Pleadings [219] is denied.