# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 461 | **DATE** | 5/29/2013 |
| **CASE TITLE** | Pactiv Corp. vs. Multisorb Techs., Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Defendant Multisorb Technologies, Inc.'s Motion to Strike and Exclude Portions of the Expert Report of Dr. Lisa D. Detter-Hoskin and Alleged Prior Art Not Disclosed in Pactiv's Invalidity Contentions (ECF No. 348) is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court is Defendant Multisorb Technologies, Inc.'s ("Multisorb") Motion to Strike and Exclude Portions of the Expert Report of Dr. Lisa D. Detter-Hoskin and Alleged Prior Art Not Disclosed in Pactiv's Invalidity Contentions. For the reasons stated below, Defendant's motion is GRANTED.

### I. BACKGROUND

The Court has described the factual background of this action previously. *See, e.g.,* ECF Nos. 226, 290, 320. The parties in this patent infringement action are in the midst of exchanging expert reports. Plaintiff Pactiv, LLC ("Pactiv") submitted the report of Dr. Lisa D. Detter-Hoskin (the "Report") in support of its case. Multisorb seeks to strike and exclude portions of the Report.

On January 17, 2012, Pactiv served its Final Unenforceability and Invalidity Contentions Pursuant to Local Patent Rule 3.1 ("Invalidity Contentions"). *See* Def.'s Mem. in Support of Mot. to Strike, Ex. C, ECF No. 348-4. The Invalidity Contentions disclosed four prior art references: United States Patent Nos. 4,524,015, 4,992,410 and 4,996,068 and a prior publication (Ramakrishnan, Iron Powder from Iron Scrap., *Conservation & Recycling*, Vol. 6, No. ½, pp. 49-54, 1983).

On May 13, 2013, Pactiv served the Report on Multisorb. In it, Dr. Detter-Hoskin cites to three patents (Yoskikawa '773, Nakamura '972 and Pemsler '262) and two journal articles (Huthen and Pemsler 1990) that were not included in Pactiv's Invalidity Contentions. Multisorb argues that this disclosure of "New Prior Art" not provided in Pactiv's Invalidity contentions is improper. Multisorb also argues that Pactiv has made new invalidity arguments not made previously by relying on combinations and citations of prior art not disclosed previously in its Invalidity Contentions.

| STATEMENT |
|---|

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(c), if a party fails to provide information or identify a witness as required under Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Under Local Patent Rule 2.3, a party is required to provide:

> (1) identification, with particularity, of each item of prior art that allegedly anticipates each asserted claim or renders it obvious…
>
> (2) a statement of whether each item of prior art allegedly anticipates each asserted claim or renders it obvious. If a combination of items of prior art allegedly makes a claim obvious, each such combination, and the reasons to combine such items must be identified;
>
> (3) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), a description of the claimed function of that element and the identify of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

L.P.R. 2.3(b)(1)-(3). Local Patent Rule 3.1 requires that Final Unenforceability and Invalidity Contentions must contain the information required by Local Patent Rule 2.3(b)(2)-(3).

## III. ANALYSIS

### 1. "Complementary" Sources

Multisorb contends that the Report discloses new prior art references. Pactiv responds that Dr. Detter-Hoskin, without relying on these references, documents her review and consideration of them. Pactiv states that Yoshikawa '773 and Pemsler '262 are part of the prosecution history for the Multisorb '590 and '872 patents, and that Dr. Detter-Hoskin's understanding of the '590 and '872 patents would be incomplete and her analysis "slipshod" without them. Pl.'s Resp. at 3. Pactiv also argues that it was necessary to review references cited on the face of the documents relied on in preparation of her opinion. For example, Nakamura '972 is cited on the face of Takahashi '015 and Hulthen was cited in Ramakrishnan. Takaharshi '015 and Ramakrishnan are both prior art references Pactiv relies on for invalidity. Thus, Dr. Detter-Hoskin included all of these as "complementary to understanding the invalidity references." *Id.* Pactiv's counsel confirmed that these sources were included as background information, when he told the Court that they were not "necessary references" and were not included in Dr. Detter-Hoskin's invalidity opinion. Instead, they were given as background to the Report.

Pactiv's arguments are unavailing. Pactiv's first argument, that these references only provided context and were included "as complementary to understanding the invalidity references" is unpersuasive. *See id.* If these new materials are not prior art, not necessary references, and not something that their expert relied upon, then there is truly no reason for them to be in the Report. If, however, these materials are prior art, then they should have been disclosed over a year ago with the Invalidity Contentions pursuant to Local Patent Rule 3.1. Multisorb points out several cases that rejected similar attempts to offer previously undisclosed materials as "background on the art" or "state of the art," and this Court agrees that parties should not be able to circumvent the disclosure requirements of our Local Patent Rules by offering such materials as background. *See, e.g., Life Techs. Corp. v. Biosearch Techs., Inc.,* No. C 12-00852WHA, 2012

WL 4097740 at *1-2 (N.D. Cal. Sept. 17, 2012); *Emcore Corp. v. Optium Corp.*, No. 7-326, 2009 WL 3381800 at *2 (W.D. Pa. Oct. 16, 2009).

Similarly, Pactiv's argument that Dr. Detter-Hoskin's inclusion of these new materials is acceptable because some of them were referred to in the patents-in-suit is also unsuccessful. Again, if the materials are not prior art and not necessary to Dr. Detter-Hoskin's opinions, there is no reason to include them. If they are new prior art, they were required to be disclosed previously by our Local Patent Rules. It would be improper to allow an expert to rely on undisclosed prior art merely because it was cited in an asserted patent. *See Life Techs.*, 2012 WL 4097740 at *2.

### 2. New Validity Arguments

Multisorb next contends that the Report makes new invalidity arguments not made previously in Pactiv's Invalidity Contentions. Specifically, Multisorb claims that Pactiv has relied on combinations of prior art not disclosed in its Invalidity Contentions. Multisorb argues that under Local Patent Rules 2.3 and 3.1, all combinations and citations of the Cited Prior Art must have been disclosed in Pactiv's Invalidity Contentions.

Pactiv responds that its arguments are not new because it identifies each item of prior art and how that item is used in combination to render the asserted claims invalid as obvious. Pactiv claims that it did not "exhaust the permutations for combinations of prior art" because its claim chart is an "exemplary claim chart." Pl.'s Resp. at 11. Pactiv claims that it clearly carved out that the chart contained "exemplary relevant portions while reserving the right for expert testimony on combining the cited art." *Id.* Specifically, the Invalidity Contentions stated:

> Pactiv has identified at least one citation per element or limitation for each reference identified in the charts contained in Exhibit A, each and every disclosure of the same element or limitation in the same reference is not necessarily identified . . . . Pactiv cites exemplary relevant portions of identified references, even where a reference may contain additional disclosure for a particular claim element or limitation, and reserves all rights to rely on other portions of the identified references to support their claims and/or defenses.
>
> ***
>
> Pactiv may rely on uncited portions of the prior art references and on other publications and expert testimony to provide context and as aids to understanding and interpreting the portions of the prior art references that are cited.
>
> Disclosures relating to initial elements of dependent claims are disclosed in connection with the independent claims from which they depend. Pactiv may also rely on uncited portions of the prior art references, other publications, and the testimony of experts to establish that a person of ordinary skill in the part would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

*See* ECF No. 348-4 at PageID# 8350-51. The Court finds such language to be at odds with this District's Local Patent Rules. L.P.R. 2.3 explicitly requires "a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found . . . ." L.P.R. 2.3(b)(3). An "exemplary chart" that allows Pactiv to rely on uncited portions of prior art is contrary to the high level of specificity required by this rule, which demands identification of wherein each alleged item of prior art each claim is found.

Pactiv argues that it complied with the Local Patent rules because the body of its Invalidity Contentions state

| STATEMENT |
|---|

that some of Multisorb's patent claims are invalid based on combinations of prior art references. However, simply citing or referencing a piece of prior art, without specifying where an element of an asserted claim is found therein, is also insufficient under Rule 2.3. *See Life Techs.,* 2012 WL 4097740 at *3 (finding broad statement in invalidity contentions that prior art renders asserted claims obvious insufficient under local patent rule requiring "a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found"). Pactiv's experts are limited to the Invalidity Contentions it served on January 17, 2012. To allow an expert to go beyond those would render them useless and ignore the specificity requirements of the Local Patent Rule 2.3.

For the reasons stated herein, Defendant Multisorb's Motion to Strike is granted. As such, pages 5-7, 37-39, ¶¶ 127, 133, 136, 138, 140, 147, 158, 160-63, 171, 172, 175, 179, 182, 183, 186 and 190, items 12-16 of Exhibit B, Exhibits H, I, J, K and L of the Detter-Hoskin Report are struck.